UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,  )
)
)
)
v.  )  Criminal No. 07-153-03 (ESH)
)
JOHN SMITH,  )
)
Defendant.  )
)

FILED

JUL 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION AND ORDER

Defendant John Smith, along with eighteen others, has been charged with one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of phencyclidine ("PCP") and one kilogram or more of heroin in violation of 21 U.S.C. § 846, an offense punishable by ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(i), (iv), 846. At the government's request, a detention hearing was held before Magistrate Judge Deborah Robinson. The hearing concluded on July 5, 2007, at which time Judge Robinson ordered Smith released to the third-party custody of his stepsister. In anticipation of an appeal by the government, Judge Robinson stayed the release order pending a hearing scheduled in this Court for July 6, 2007. The government subsequently moved for reversal of the release order and, at the conclusion of the July 6 hearing, this Court issued an oral ruling granting the government's motion. This Memorandum Opinion sets forth in further detail the basis for the Court's ruling.

## DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of any other person and the community." *Id.* § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). However, when "there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e).

    The Court finds that there is probable cause to believe that Smith was part of a conspiracy to distribute and possess with intent to distribute heroin, a violation of the Controlled Substance Act punishable by ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(i), (iv), 846. Having heard a sampling of the intercepted phone calls and based on the government's proffer, the Court finds that there is substantial evidence connecting Smith to Lonnell George Glover, the subject of an extensive federal narcotics investigation involving a wiretap on Glover's cell phone, as well as

interceptions in and around Glover's pickup truck.  As set forth in the government's opposition, Smith was one of a number of individuals who met and spoke by telephone with Glover to discuss drug distribution.  In particular, the government intercepted conversations in which Smith asked Glover whether he wanted "to get one of those hard balls" (referring to heroin) and complained to Glover that, when the police came to his house to arrest him on an outstanding warrant from D.C. Superior Court, his girlfriend had flushed his stash of heroin down the toilet.  The government also intercepted conversations in which Glover and "Twin," an alleged coconspirator based in New York, discussed Smith's plans to transport heroin to New York.  The government proffered evidence that Smith traveled to New York early in the week of March 19, 2007, after officers conducting surveillance in the District of Columbia observed a meeting between Smith and Glover during which they discussed quantities of heroin.  Moreover, on the day Smith was arrested, officers recovered approximately 325 grams of heroin pressed into two bricks, heroin packaged for sale, numerous small ziplock bags, $30,000 in cash, a digital scale, a .38 caliber handgun with additional ammunition, and a .32 caliber handgun from Smith's home, where Smith acknowledged he lived alone.  Smith also made inculpatory statments to the police at the time of his arrest.  This evidence is more than sufficient to support a finding that there is probable cause to believe that Smith played far more than a minor role in a heroin drug ring and was a knowing participant in Glover's drug conspiracy.  Accordingly, in determining whether Smith's continued detention is warranted, the Court must begin with the presumption that "no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of the community."  18 U.S.C. § 3142(e).

In attempting to rebut this presumption, Smith stresses various health problems, which, *inter alia*, require him to undergo a blood test once every three months to verify that his cancer

remains in remission. Although the Court appreciates that Smith has a serious medical condition for which he requires periodic medical attention, as well as other medical conditions for which he requires ongoing medication and treatment, his health problems cannot be dispositive here. Smith can receive the medical treatment he requires while detained at the Correctional Treatment Facility. The Court expects that counsel will notify the Court if Smith experiences problems in receiving needed medical treatment.

The "history and characteristics of the [defendant]," however, is only one of four factors the Court must consider in determining the appropriateness of pretrial detention, and the remaining factors speak to the need for detention in this case. First, the offense charged is serious, involving a controlled substance and potential life imprisonment. *See* 18 U.S.C. § 3142(g)(1). Second, the evidence seized from Smith's home, which included heroin, some of which was packaged for sale, as well as drug paraphernalia and a substantial amount of cash, shows that the government's case against him is strong. *See id.* § 3142(g)(2). Third, although most of Smith's criminal record is old, he does have a recent conviction for carrying a pistol without a license and was on probation at the time of his arrest. Finally, Smith has been indicted as a member of a large-scale drug conspiracy, which constitutes a serious threat to the community. When these factors are considered together, it is clear that Smith cannot overcome the law's presumption against pretrial release.

For the foregoing reasons, the government's motion for reversal of the Magistrate Judge's order of detention [Dkt. 48] is hereby **GRANTED**. In accordance with 18 U.S.C. § 3142(i), the

Court hereby **ORDERS** that defendant remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 6, 2007

cc:  Magistrate Judge Deborah Robinson